# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **AUSTIN BINDER**, on behalf of himself and those similarly situated, | *  Case No. 2:21-cv-136 |
| Representative Plaintiff, | * |
| v. | *  Magistrate Judge Kimberly A. Jolson |
| | * |
| **BRENTLINGER ENTERPRISES D/B/A MIDWESTERN AUTO GROUP**, | * |
| | * |
| Defendant. | * |
| | * |

## ORDER GRANTING THE UNOPPOSED MOTION FOR FINAL APPROVAL

Before the Court is an Unopposed Motion for Final Approval of Class Action Settlement (Doc. 67) as fair and reasonable under Federal Rule 23(e).[1] Also filed is the Settlement Agreement (Doc. 64-1) and the Declaration of Settlement Administrator (Doc. 67-1). The Court held a Fairness Hearing on the record by Zoom on May 15, 2024, at 10:00 am. Counsel present: Dan Bryant and Laren E. Knoll for Plaintiff; Christopher Hogan for Defendant.

This Court approves the Joint Motion as follows:

1. Unless otherwise defined, all terms used in this Order have the same meanings as defined in the Settlement Agreement.

2. Plaintiff filed this action alleging Defendant violated the FLSA and various state-law overtime and wage-payment statutes by failing to pay Plaintiff and other similarly situated employees overtime and by failing to correctly calculate their regular rates of pay for the purposes of paying overtime.

---

[1] The Court already entered an Order finding as fair and reasonable the Collection Action Settlement under the Fair Labor Standards Act. *See* Doc. 66.

3. Defendant has continuously denied and still denies liability or wrongdoing throughout this case, but the parties agreed to a targeted exchange of relevant payroll and timekeeping records. These records enabled the parties to understand and assess the detail and substance of their respective claims and defenses.

4. The parties engaged in comprehensive settlement communication, including exchanging their factual and legal positions of the claims and defenses and exhausted those efforts over a period of several months.

5. Arms-length and good-faith negotiations between the parties and their counsel, who have extensive experience litigating wage and hour claims, resulted in the settlement.

6. Representative Plaintiff filed an Unopposed Motion for Final Approval of FLSA Collection and Preliminary Approval of Class Action Settlement (Doc. 64) which this Court granted (Doc. 66), directing that Notice be sent to Class Members.

7. A Declaration from the Settlement Administrator verifies that Class Notice was distributed to Class Members in the form and manner approved by this Court.

8. This Court finds that Class Members were given adequate notice of the pendency of this lawsuit, the proposed settlement, and the date of the Fairness Hearing. This Court further finds that the notice was reasonable, the best notice practicable, and satisfied all the requirements of Federal Civil Rule 23 and due process.

9. As to the Representative Plaintiff and the Class, this Court finds that the proposed settlement satisfies the standard for final approval of a class-action settlement under Federal Civil Rule 23(e). The proposed settlement class satisfies the requirements under Federal Civil Rule 23(a) of commonality, numerosity, typicality, and adequacy of representation, as well as the requirements under Federal Civil Rule 23(b) of predominance and superiority. Representative

Plaintiff Austin Binder is an adequate representative of the Class, as he represents and possesses the same interests and suffered the same alleged injuries as other Class Members. The class definitions encompass persons with like factual circumstances and like claims. This Court finds that the proposed settlement is fair, reasonable, and adequate as to the Class, and approves the Settlement Agreement.

10. This Court already found that the proposed settlement satisfies the standard for final approval of a collective-action settlement under the FLSA, 29 U.S.C. § 216(b), and already approved the settlement as a collective action pursuant to the FLSA with respect to any and all Opt-In Plaintiffs.

11. This Court approves the method of calculation and proposed distribution of settlement payments to Class Members upon the terms and conditions set forth in the Settlement Agreement.

12. This Court approves the manner and payment of attorney fees and costs as set forth in the Settlement Agreement. The parties shall bear their respective attorney fees and costs except as provided in the Settlement Agreement.

13. This Court approves the incentive payment to the Representative Plaintiff Austin Binder and the payment to the Settlement Administrator, as outlined in the Settlement Agreement.

14. This Court retains jurisdiction for the purpose of enforcing the Settlement Agreement and dismisses this case with prejudice.

IT IS SO ORDERED.

Date: May 15, 2024 /s/ Kimberly A. Jolson  
KIMBERLY A. JOLSON  
UNITED STATES MAGISTRATE JUDGE